# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TRAVIS E. WILLIAMS,** | )<br>) |
| Plaintiff, | ) Case No. 7:16CV00227<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **DR. SMITH,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Travis E. Williams, Pro Se Plaintiff.*

The plaintiff, Travis E. Williams, a Virginia inmate proceeding pro se, filed this civil action, alleging that while he was at Red Onion State Prison ("Red Onion"), the defendant, Dr. Smith, acted with deliberate indifference to his serious medical needs related to his injured hand. I granted Dr. Smith's Motion for Summary Judgment on the ground that Williams had failed to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) before filing this court action. Williams has now moved to alter or amend that judgment. I find his motion to be without merit.

Because Williams signed and dated his motion within 28 days from entry of the judgment, I must construe it as arising under Rule 59(e) of the Federal Rules of Civil Procedure. It is well established that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v.*

*Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). A judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008). Williams has not demonstrated any of these circumstances here.

The evidence established that Dr. Smith was Williams' treating physician at Red Onion between August 26 and September 29, 2015. In early October 2015, Williams was transferred to River North Correctional Center ("River North"). On September 30, 2015, Williams filed an Informal Complaint about Dr. Smith's decision that nothing could be done about the broken bone in Williams' hand. On October 22, Williams submitted a Regular Grievance on the same issue to River North officials. The grievance coordinator rejected and returned it in late October because the procedures require that a grievance about Red Onion events must be submitted to Red Onion. When Williams filed a new Regular Grievance with Red Onion on October 30, it was rejected for being filed outside the 30-day filing deadline under the grievance procedures.

In his current motion, Williams admits that he did not exhaust administrative remedies by properly completing the Regular Grievance procedure and available

appeals. Instead, he argues that his transfer made the remedies procedures unavailable to him. Generally, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Williams offers no evidence, however, that any circumstance beyond his control prevented him from submitting his October 22 Regular Grievance directly to Red Onion officials as required under the grievance procedures. Therefore, I cannot find that he has demonstrated that the procedure was unavailable to him. Accordingly, for lack of cause shown, it is **ORDERED** that the motion (ECF No. 31) is DENIED.

                                          ENTER: October 16, 2017

                                          /s/ James P. Jones
                                          United States District Judge